DANIEL G. BOGDEN
United States Attorney
NANCY J. KOPPE
Assistant United States Attorney
333 Las Vegas Blvd South
Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) 2:11-cr-00157-JCM-CWH |
| v. | ) |
| CHAD COSTANZA, | ) UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO TRAVEL |
| Defendant. | ) |

The United States of America, by and through Daniel G. Bogden, United States Attorney, and Nancy J. Koppe, Assistant United States Attorney, responds to defendant Chad Costanza's motion for leave to travel from New York to Las Vegas on May 2, 2012.

**RELEVANT PROCEDURAL FACTS**

On April 20, 2011, a Grand Jury sitting in Las Vegas, Nevada issued a criminal indictment charging defendant with Coercion and Enticement, in violation of Title 18, United States Code, Section 2422(b). Defendant made his initial appearance on April 28, 2011, before United States Magistrate Judge Lawrence R. Leavitt. The United States requested detention, and defendant requested release with conditions. The United States advised the Court of the presumption of danger to the community and risk of non-appearance contained in Title 18, United States Code, Section 3142(e), the facts of the crime and the surrounding circumstances. At the conclusion of the detention

hearing, the Court ordered defendant remanded to custody pending a canvassing of his mother in New York regarding her potential responsibilities as a third-party custodian. The Court ordered that, if defendant's mother successfully completed this canvass, defendant was to live with her in New York under several conditions of pretrial release. Two of the conditions ordered by the Court are that defendant is to remain on GPS monitoring and that he may travel from New York to Las Vegas for court purposes only.

Defense counsel contacted the United States late last week and stated that he had attempted to obtain permission for defendant to travel to Las Vegas on May 2, 2012, to meet with counsel on May 2, and to meet with "another individual"[1] on May 2 and 3, 2012, after which time defendant would return to New York. Counsel for the United States immediately began attempting to verify the information and to determine the position of Pretrial Services.

On April 30, 2012, counsel for the United States learned that defendant's New York Pretrial Services officer told Pretrial Services in Las Vegas that he intended to remove defendant's GPS monitor during the period of time that he would travel to Las Vegas. Pretrial Services in Las Vegas immediately informed New York that this could not be done without a court order, and counsel for the United States also informed defense counsel that defendant's GPS monitor could not be removed without a court order.

Defendant has now filed a motion with this Court, asking this Court to allow him to travel to meet with this unnamed expert of unknown credentials who, according to his own motion, appears to be the only person of many contacted who is even willing to work on this case. Doc. 37, at 2.

---

[1] Defense counsel did not, at any time, inform the United States that he intended for his client to meet with a psychiatrist in Las Vegas. Instead, he spoke solely of "another individual" in his e-mail communication. It was only after speaking with Pretrial Services that the United States learned that defendant intends to meet with a psychiatrist. Neither the United States nor Pretrial Services is aware of the name or any alleged qualifications of this psychiatrist to date. At the very least, Pretrial Services needs to know with whom defendant is meeting.

2

Surprisingly, defendant fails to even mention in his motion the important issue of his GPS monitor and the legal concerns surrounding the potential removal of the monitor.

## POINTS AND AUTHORITIES

Title 18, United States Code, Section 3142(c)(1)(B) states that, in any case in which a defendant is charged with the crime with which this defendant is charged, any release order must, at a minimum, include electronic monitoring. Additionally, among other things, a release order must contain "specified restrictions on ... travel." 18 U.S.C § 3142(c)(1)(B)(iv).

Defendant's release conditions are reasonably related to protecting the public. The United States has grave concerns that his court-ordered GPS monitor will be removed for an unspecified period of time during his travel across the country, in violation of 18 U.S.C § 3142(c)(1)(B).[2] The United States further has concerns regarding the nature of defendant's travel, whether it fits within the conditions set by the Court, and the fact that Pretrial Services knows nothing about the person with whom he intends to spend the time he is in Las Vegas.

Without more information on these issues, the United States asks this Court to deny defendant's motion to travel.

DATED this 30th day of April, 2012.

                                                        Respectfully submitted,

                                                        DANIEL G. BOGDEN
                                                        United States Attorney

                                                        /s/ Nancy J. Koppe

                                                        NANCY J. KOPPE
                                                        Assistant United States Attorney

---

[2] While Pretrial Services in Las Vegas could fit defendant with a GPS monitor, the plane that he has booked does not arrive in Las Vegas until 5:11 p.m., and he thus would be unlikely to arrive at Pretrial Services before 6:00 p.m. Therefore, defendant would most likely spend the entire night in Las Vegas with no monitoring whatsoever, which continues to violate the statute.

3

# **CERTIFICATE OF SERVICE**

UNITED STATES OF AMERICA,            )
                                     )         2:11-cr-00157-JCM-CWH
    Plaintiff,                       )
                                     )
vs.                                  )
                                     )
CHAD COSTANZA,                       )
                                     )
    Defendant.                       )
_____)

       The undersigned hereby certifies that she is an employee in the office of the United States Attorney for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

       That on April 30, 2012, she served an electronic copy of the attached **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO TRAVEL** by electronic service (ECF) to the person named below:

       Damian Sheets, Esq.

                                                                         /s/ Nancy J. Koppe
                                                          NANCY J. KOPPE