Prob12B
D/NV Form
Rev. June 2014

# United States District Court
## for
## the District of Nevada

**REQUEST FOR MODIFICATION**
**TO CONDITIONS OF SUPERVISION WITH CONSENT OF OFFENDER**
*Probation Form 49 (Waiver of Hearing) is Attached*
**November 5, 2021**

Name of Offender: **Chad Costanza**

Case Number: **2:11CR00157**

Name of Sentencing Judicial Officer: **Honorable James C. Mahan**

Date of Original Sentence: **October 11, 2012**

Original Offense: **Receipt of Child Pornography**

Original Sentence: **60 Months prison followed by Lifetime supervised release**

Date Supervision Commenced: **September 23, 2016**

Name of Assigned Judicial Officer: **Honorable James C. Mahan**

## PETITIONING THE COURT

☒ To modify the conditions of supervision as follows:

1. **Substance Abuse Treatment** – You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

2. **Work Full Time** - You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

RE: Chad Costanza

Prob12B
D/NV Form
Rev. June 2014

## CAUSE

Costanza began his term of supervised release in the District of Nevada on September 23, 2016. He has failed to maintain any semblance of steady employment and indicates he obtains any earnings from gambling at various casinos in Las Vegas, Nevada. He has not been gainfully employed since February 2019, having sporadic employment prior to that, and expressed his desire to not obtain employment, but rather to gamble at casinos. To address this issue, the undersigned officer instructed him to obtain employment as required by the conditions of this Court within 30 days in September 2021 or accept employment that was known to hire convicted felons at a temporary employment agency, which commonly turns into full-time employment with the company assigned to after some time. Costanza failed to find employment as required.

Considering Ninth Circuit Court decision, United States v. Anthony Evans (2018), filed February 28, 2018, the United States probation office is compelled to request a modification to the offender's employment condition. In summary, this ruling found the standard condition "the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons" unconstitutionally vague. Costanza's Judgment and Commitment order contains this language.

Prompted by appellate court decisions in other circuits for this issue, in November 2016, new standard conditions were adopted and are now being utilized. In response, the probation office is requesting that the court modify Costanza's standard employment condition to comport with case law; and the existing employment condition that has been approved and now utilized in our district.

On November 4, 2021, Costanza reported to the United States Probation Office and was given a copy of his judgment to review. During the conversation he admitted he has been using marijuana and would not be able to provide a negative drug test. A urine specimen was collected, and the results indicated positive for marijuana and oxycodone. Costanza admitted both verbally and in writing that he last used marijuana approximately three weeks ago and had been using marijuana daily for approximately the past year and a half. He also admitted both verbally and in writing that he took what he believed was a Vicodin pill not prescribed to him on November 3, 2021, that he obtained from a person he frequently gambles with at a local casino.

It should also be noted that Costanza previously used marijuana while under his term of supervised release in October 2018. The Court was notified of the violation conduct and concurred that no action was to be taken at that time.

Additionally, for the Court's information, Costanza had contact with law enforcement on July 22, 2021. The contact was regarding Costanza being locked out of his residence where he continues today to rent a room. While this was ultimately considered a civil matter, Costanza failed to report the police contact as required until prior to his polygraph on August 25, 2021. No action is requested by the Court in this matter, as Costanza was verbally admonished by the probation office and his conditions of supervision were reviewed with him to avoid future violation conduct.

RE: Chad Costanza

Prob12B
D/NV Form
Rev. June 2014

To address the issue of illicit substance use, it is recommended that the Court approve the request for a modification to include outpatient substance abuse counseling. Additionally, as noted, it is recommended the court modify his standard employment condition to comport with current case law. Costanza has agreed to this through his signature on the attached PROB49, Waiver of Hearing to Modify Conditions.

Respectfully submitted,

*Bryce D. Stark*  Digitally signed by Bryce Stark
Date: 2021.11.05 13:17:53 -07'00'

Bryce D. Stark
Senior United States Probation Officer


Approved:

*Todd Fredlund*  Digitally signed by Todd Fredlund
Date: 2021.11.05 10:29:21 -07'00'

Todd J. Fredlund
Supervisory United States Probation Officer

RE: Chad Costanza

Prob12B
D/NV Form
Rev. June 2014

## THE COURT ORDERS

☐    No Action.

☐    The extension of supervision as noted above.

X    The modification of conditions as noted above

☐    Other (please include Judicial Officer instructions below):

---------------------------------------------------------------------------------

---------------------------------------------------------------------------------

---------------------------------------------------------------------------------


_____
Signature of Judicial Officer

November 8, 2021
_____
Date

PROB 49
(3/89)

# UNITED STATES DISTRICT COURT

### District of Nevada

### Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. **Substance Abuse Treatment** – You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

2. **Work Full Time** - You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

Witness _____  Signed _____
U.S. Probation Officer  Probationer or Supervised Releasee
K. Kapanui

11/5/21
Date